IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATTI BURKS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>PLAINSCAPITAL BANK.,<br><br>   Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.  3:23-CV-2472-N |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Plainscapital Banks's ("PCB") motion to compel individual arbitration [9] and Plaintiff Patti Burks's motion to dismiss [11] her complaint [1-4]. For the following reasons, the Court grants both motions.

### I. ORIGINS OF THE DISPUTE

Burks brings this putative class action claiming that PCB unlawfully disclosed her and other class members' personal identifying information.  PCB asks the Court to compel individual arbitration and stay the lawsuit pending arbitration because there is a valid and enforceable arbitration provision in the operative Deposit Account Agreements governing Burks' PCB accounts. *See* Mot. to Compel 6-8.  Burks never responded to the motion to compel.  Instead, Burks filed a motion to dismiss, requesting the Court to dismiss without prejudice her individual claims, so Burks can bring her claims in arbitration as PCB asserts she must.  Mot. to Dismiss 1.  PCB refused to consent to dismissal of this action unless Burks agreed to a dismissal of all the class claims.  *See id.*  But Burks contends she has no

authority to dismiss all class claims and as a result PCB opposed Burks's motion to dismiss. *Id.*

## II. THE COURT GRANTS BOTH MOTIONS

The Federal Arbitration Act ("FAA") requires district courts to compel arbitration if they determine that there is a valid arbitration agreement encompassing the issues in dispute. 9 U.S.C. § 3; *see also Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019). Neither party disputes the applicability of the FAA and Burks does not dispute that the arbitration provision in the operative agreements controls the dispute. *See* Reply Mot. to Dismiss 1 [14]. Therefore, the Court grants PCB's motion compel and orders individual arbitration before the American Arbitration Association based on the provisions in the Deposit Account Agreements. *See* Mot. to Compel, Ex. F, 2023 Deposit Account Agr., App. 225-26 [10].

Turning to the issue of dismissal, where all of the issues raised must be submitted to arbitration, "[t]he weight of authority clearly supports dismissal of the case." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Though each party requested that the Court dismiss this suit without prejudice, *see* Pl.'s Mot. to Dismiss 2; Def.'s Resp. Mot. to Dismiss 3 [12], the parties disagree on whether that dismissal only applies to Burks's individual claims or if the putative class claims should likewise be dismissed. The Court grants Burks's motion and dismisses without prejudice both Burk's individual claims and the putative class claims.

Burks argues that courts have held that until a class action is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the claims of potential class members

MEMORANDUM OPINION AND ORDER – PAGE 2

cannot be considered. Burks cites *Biscone v. Jetblue Airways Corp.* to support her argument. 681 F. Supp. 2d 383 (E.D.N.Y. Feb. 4, 2010) (citing, *Baxter v. Palmigiano*, 425 U.S. 128, 129 (1975)). Burks's reliance on *Biscone* is misplaced, as it discusses whether federal jurisdiction exists when the prospective class members' federal claims provide the basis for removal to federal Court. *Id.* at 38. That is not the issue this Court faces. Instead, the Court examines whether it can dismiss putative class claims prior to class certification.

First, Courts often consider claims of putative class members when the named plaintiff seeks voluntary dismissal.[1] *See e.g., Crabb v. Pinnacle Fin. Group, Inc.* 2010 WL 11520622 (N.D. Miss. July 21, 2010); *Winbush v. Hilton*, 2010 WL 11685357 (W.D. La. Dec. 7, 2010). The real issue is whether it is proper for the Court to allow voluntary dismissal of class action allegations without notice to class members before a Rule 23(c)(1) determination. Prior to the 2003 amendment of Rule 23(e), it was improper to permit voluntary dismissal of a class action without notice to class members, even in the precertification stage. *See McArthur v. Southern Airways, Inc.*, 556 F.2d 298, 302 (5th Cir. 1977), vacated on other grounds, 569 F.2d 276 (5th Cir. 1978). Federal Rule of Civil Procedure 23(e), as amended in 2003, applies to dismissal of class action claims, and states that "claims, issues, or defenses of a *certified* class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

Notably, under this subsection, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id*. But by the plain

---

[1] The Court notes that it would be peculiar to have class claims pending without a class representative.

language of Rule 23(e), the rule only applies to classes that have already been certified. At the precertification stage, courts discussing the need for notification prior to voluntary dismissal determine the need for notification based on how prejudiced the putative class members are by the decision and if notice will functionally "further the aims of the notice requirement." *Winbush*, 2010 WL 11685357, at *2; *see also Crabb*, 2010 WL 11520622; *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755 (6th Cir. 2005) (collecting cases) (stating that across circuits "most courts have stressed the need under Rule 23(e) to examine whether any prejudice to the class will result if the dismissal of the action is allowed without class notice.") (quoting Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11:72 (4th ed.2002) (footnotes omitted))).

Because the Court will dismiss this case without prejudice, any class member would still be entitled to bring a separate action against PCB. This suit has not garnered such great publicity that putative class members would likely have relied on the suit in their decision to not file an individual suit. Furthermore, the cost to parties to provide notice cannot be justified in a case where the named plaintiff herself concedes that an arbitration provision in the operative agreements controls the dispute and seeks to voluntarily dismiss her own individual claims in favor of arbitration. Accordingly, the Court finds that notice to the putative class is not necessary and dismisses without prejudice both Burks's individual claims and the putative class claims.

## CONCLUSION

For the foregoing reasons, the Court grants PCB's motion to compel individual arbitration of Burks' claims. The Court also grants Burks's motion to dismiss, dismissing without prejudice all claims in this action.

Signed June 12, 2024.

_____
David C. Godbey
Chief United States District Judge